McGREGOR W. SCOTT
United States Attorney
ANTHONY YIM
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>                    v.<br><br>JESUS PANIAGUA,<br><br>                               Defendant. | CASE NO.  1:19-CR-00277-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: May 4, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Dale A. Drozd |

This case is set for a change of plea hearing on May 4, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1       1.      By previous order, this matter was set for a change of plea hearing on May 4, 2020.

2       2.      By this stipulation, defendant now moves to continue the hearing until June 29, 2020, and

3   to exclude time between May 4, 2020, and June 29, 2020, under Local Code T4.

4       3.      The parties agree and stipulate, and request that the Court find the following:

5       a)      The government has represented that the discovery associated with this case

6   includes investigative reports and related documents in electronic form including approximately

7   fifty pages of documents.  All of this discovery has been either produced directly to counsel

8   and/or made available for inspection and copying.

9       b)      Counsel for defendant desires additional time for effective defense preparation,

10  defense investigation, and plea negotiation purposes pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and

11  3161(h)(7)(B)(i) and (iv).

12      c)      Counsel for defendant believes that failure to grant the above-requested

13  continuance would deny him/her the reasonable time necessary for effective preparation, taking

14  into account the exercise of due diligence.

15      d)      The government does not object to the continuance.

16      e)      In addition to the public health concerns cited by General Order 617, and

17  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

18  this case because the defendant does not consent to proceed using videoconferencing for his

19  felony plea.

20      f)      Based on the above-stated findings, the ends of justice served by continuing the

21  case as requested outweigh the interest of the public and the defendant in a trial within the

22  original date prescribed by the Speedy Trial Act.

23      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24  et seq., within which trial must commence, the time period of May 4, 2020 to June 29, 2020,

25  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

26  because it results from a continuance granted by the Court at defendant's request on the basis of

27  the Court's finding that the ends of justice served by taking such action outweigh the best interest

28  of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 22, 2020                                    McGREGOR W. SCOTT
                                                         United States Attorney


                                                         /s/ ANTHONY YIM
                                                         ANTHONY YIM
                                                         Assistant United States Attorney


Dated:  April 22, 2020                                   /s/ BENJAMIN GERSON
                                                         BENJAMIN GERSON
                                                         Counsel for Defendant
                                                         JESUS PANIAGUA


### FINDINGS AND ORDER

Pursuant to the parties' stipulation and good cause shown, IT IS HEREBY ORDERED that the change-of-plea hearing currently set for May 4, 2020, is hereby continued to June 29, 2020, at 10:00 a.m. in Courtroom 5.  The time period of the date of this order to June 29, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 22, 2020**                        _____
                                                   UNITED STATES DISTRICT JUDGE